**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CATHOLIC ANSWERS, INC.; KARL KEATING, | No. 09-56926 |
| Plaintiffs - Appellants, | D.C. No. 3:09-cv-00670-IEG-AJB |
| v. | MEMORANDUM[*] |
| UNITED STATES OF AMERICA, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Argued and Submitted May 4, 2011
Pasadena, California

Before: NOONAN and WARDLAW, Circuit Judges, and KORMAN, Senior District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for Eastern New York, Brooklyn, sitting by designation.

Catholic Answers, a 26 U.S.C. § 501(c)(3) nonprofit organization, and Karl Keating, its president, appeal the district court's Federal Rule of Civil Procedure 12(b)(1) dismissal of their suit seeking a tax refund and declaratory judgment.

Catholic Answers seeks a refund of money the IRS already had tendered to the organization prior to the filing of this suit, and a declaratory judgment that sections of the tax code and implementing regulations are void for vagueness. The district court dismissed the case on various grounds including mootness.

This suit is moot. There is no relief that this court could grant. The tax paid has already been abated. The Declaratory Judgment Act grants federal courts jurisdiction to declare the rights and relations of interested parties "except with respect to Federal taxes." 28 U.S.C. § 2201. The doctrine of variance precludes Catholic Answers' First Amendment claims. *See* 26 C.F.R. § 301.6402-2(b)(1).

Moreover, the district court was correct that this case does not fall into the exception to mootness for cases capable of repetition, yet evading review. This set of facts may be capable of repetition, given Catholic Answers' assertion that it will engage in similar political speech in the future. *See FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 463-64 (2007). However, should this set of facts recur, the case will not evade review because it will be clear then, while it is not now, that the IRS has

intentionally maneuvered to avoid judicial scrutiny and will not be permitted to engage in evasion of this kind.

For the reasons stated, the judgment of the district court is **AFFIRMED.**